

IN THE
TENTH COURT OF APPEALS

No. 10-19-00188-CR

FRANK THOMAS CHARGUALAF,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 17-01483-CRF-272

MEMORANDUM  OPINION

Frank Thomas Chargualaf pleaded guilty to a jury on four counts of aggravated robbery and one count of unauthorized use of a motor vehicle.  The jury found him guilty and assessed his punishment at twenty years in the penitentiary for each aggravated robbery charge and two years in a state jail for the unauthorized use of a motor vehicle charge.  The trial court imposed sentence in accordance with the jury's verdict and

ordered the counts run concurrently. Chargualaf raises two issues on appeal alleging trial court error during jury selection. We will affirm.

## Procedural and Factual History

On January 25, 2017, Chargualaf and a friend accompanied Charles Gipson to the home of one of Gipson's co-workers for a small social gathering. At some point during the gathering Chargualaf brandished a pistol, pointed it at others in attendance, and demanded everyone's wallet and cell phone. Once Chargualaf collected what he could from the victims he and his friend left in Gipson's car. A Brazos County Grand Jury indicted Chargualaf for four counts of aggravated robbery with a deadly weapon and one count of unauthorized use of a motor vehicle. Before trial Chargualaf filed his election for the jury to assess punishment and an application for community supervision from the jury. Chargualaf complains the trial court erred during jury selection by (1) limiting his attorney's inquiry of a panel member as to whether she could be fair if there was evidence of drugs, and (2) denying a defense challenge for cause against a member of the venire. After the jury was seated and sworn, the defendant pleaded guilty to all counts, and a punishment trial ensued.

## Issue One

We will first address Chargualaf's complaint that it was error for the trial court to limit his attorney's inquiry of a panel member during jury selection as to whether she could be fair if there was evidence of drugs.

**AUTHORITY**

A trial court's ruling regarding the limitation of questioning during jury selection is reviewed for an abuse of discretion. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012). We review whether appellant proffered a proper question regarding a proper area of inquiry. *Id.* A trial court has discretion to restrict questions during jury selection that are confusing, misleading, vague and broad, or are improper commitment questions. *Id.* "Where the trial court does not place an absolute limitation on the substance of an appellant's voir dire question, but merely limits a question due to its form, the appellant must attempt to rephrase the question or risk waiver of the alleged voir dire restriction." *Id.*

**ANALYSIS**

The question at issue was propounded to panel member 13 as follows:

[DEFENSE COUNSEL]: But if drugs are involved in this case — let's say somebody goes out and commits a crime because they're on drugs.

[PROSECUTOR]: Judge — I'm sorry, Donny — I have to object to that as an improper question under *Standefer*.

After a discussion on the record regarding the state's objection the proceedings continued out of the presence of the venire panel as follows:

THE COURT: Well, I'm going to — or where were we in this?

[PROSECUTOR]: I think we're done. Well, we were at the point they were going to ask her the question that I objected to under *Standefer*.

THE COURT: You got any other questions?

[DEFENSE COUNSEL]: No, sir. We object. I mean we challenge for cause.

[PROSECUTOR]: And I object to that challenge.

THE COURT: The challenge is refused. Denied.

The record shows that defense counsel was asked by the trial court if he had any other questions to which he answered "[n]o, sir." Then defense counsel lodged a challenge for cause against panel member 13. The trial court never ruled on the State's objection to defense counsel's question to panel member 13. The trial court never prohibited defense counsel from asking additional questions and defense counsel was not denied the right to ask other questions. Chargualaf has failed to show that the trial court erroneously denied him the opportunity to ask a proper question. *See Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003) ("To preserve error, appellant must show . . . prevent[ion] from asking *particular* questions that were proper.") (emphasis original); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). Accordingly, we overrule Chargualaf's first issue.

## Issue Two

In issue two Chargualaf asserts that the trial court erred in denying a challenge for cause against panel member 13 of the venire.

**AUTHORITY**

"When reviewing a trial court's decision to deny a challenge for cause, we look to the entire record to determine whether sufficient evidence exists to support the court's

ruling." *Hudson v. State*, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021) (citing *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010)). We reverse only for a clear abuse of discretion. *Id.* Because the trial judge is in the best position to evaluate a potential juror's demeanor and responses, we review a trial court's ruling on a challenge for cause with considerable deference. *Id.* (citing *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009)).

A challenge for cause may be lodged against a venireperson if she "has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely." *Gardner*, 306 S.W.3d at 295; *see* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(2). The bias or prejudice made the basis of a challenge for cause must "substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law." *Gardner*, 306 S.W.3d at 295. Before a jury panel member may be excused because of bias or prejudice, the law must be explained to the panel member, and the panel member must be asked whether she can follow that law regardless of personal views. *Id.* The burden is upon the proponent of a challenge for cause to establish that the challenge is proper by showing that the panel member "understood the requirements of the law and could not overcome her prejudice well enough to follow the law." *Id.*

**ANALYSIS**

Panel member 13 indicated she had a family member with a substance abuse addiction, that the family member's drug abuse would affect her, and that she was biased with regard to punishment as a consequence of such criminal behavior. Defense counsel challenged panel member 13 but did not specify the grounds of his challenge. No additional questions were asked of panel member 13, despite defense counsel being afforded the opportunity to ask more questions by the trial court.

Panel member 13 was not asked if her bias would substantially impair her ability to carry out her oath and instructions in accordance with the law. *See Gardner*, 306 S.W.3d at 295. She was never asked whether she can follow that law regardless of her personal views. *See id.* Defense counsel failed to show panel member 13 understood the requirements of the law and could not overcome her prejudice well enough to follow the law. *See id.* Without appropriate responses to the above questions Chargualaf cannot show that panel member 13 understood the requirements of the law, could not follow the law because of her personal views, or had a bias that would affect her ability to decide the case based only upon the facts and evidence.

Further, defense counsel did not ask questions that sought to challenge panel member 13 on her ability to consider the full range of punishment. During jury selection the prosecutor asked, "Is there anybody here who cannot consider that full range of punishment from down to probation in a proper case up to life in prison?" While the

record reflects that in response to the question some panel members raised their hands voluntarily the prosecutor followed up the question with a request that panel members raise their hands. Panel member 13 was not identified as raising her hand and was among those able to consider the full range of punishment.

We conclude the trial court did not err in denying the challenge for cause as to panel member 13. Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[1]
Affirmed
Opinion delivered and filed August 11, 2021
Do not publish
[CR25]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.